■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO RODRIGUEZ, Appellant. [647 NYS2d 500] —Judgment, Supreme Court, New York County (Renee White, J.), rendered May 17, 1994, convicting defendant, after a jury trial, of five counts each of robbery in the first and second degrees and one count of assault in the second degree, and sentencing him, as a persistent felony offender, to concurrent terms of 25 years to life, unanimously affirmed.

Defendant was charged with committing a series of robberies within a six-week period in the same housing project, in the course of which he would repeatedly strike an elderly or disabled victim in the head with a hard object and then steal his or her property. Four victims observed that the object was contained in a brown paper bag, and, in three of the instances, a brick or large rock wrapped in a bloodied paper bag was discovered at the scene shortly after the crime; five victims separately viewed a lineup and identified defendant as the robber. On appeal, defendant contends that he was deprived of his right to present a defense when the trial court, despite permitting the prosecutor to argue, and instructing the jury, that defendant's *modus operandi* was unique and probative of his identity, precluded him from eliciting testimony from the ar-

resting police officer that within days after defendant's own arrest, the officer had participated in the arrest of another individual for using a brick in a bag to rob an elderly person in an elevator in a different but nearby housing project. We disagree, since, given the significant difference in appearance between defendant and the other man, the proposed evidence lacked probative value, and even defendant does not argue that the other man might have been the perpetrator of the crimes for which he was convicted. Concur—Rubin, J. P., Ross, Williams, Tom and Andrias, JJ.